MARY TESTERMAN DUVOISIN, ATTORNEY NO. 163514
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 WEST BROADWAY, SUITE 600
SAN DIEGO, CA 92101-8511
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re | Case No. 12-00851-PB7 |
| JEFFREY THOMAS CLOUD and PAMELA ELAINE CLOUD, | MOTION FOR ORDER REOPENING CHAPTER 7 CASE, DIRECTING THE APPOINTMENT OF A CHAPTER 7 TRUSTEE, APPROVING THE UNITED STATES TRUSTEE'S REAPPOINTMENT OF CHRISTOPHER BARCLAY AS CHAPTER 7 TRUSTEE, WAIVING CASE REOPENING FEE AND REVOKING TECHNICAL ABANDONMENT |
| Debtors. | |

Comes now the Acting United States Trustee ("UST" or "United States Trustee"), by and through counsel, pursuant to 11 U.S.C. §350(b), Federal Rule of Bankruptcy Procedure 5010, Local Bankruptcy Rule 5010-1, and 28 U.S.C. §1930, and moves this Court for an Order Reopening Chapter 7 Case, Directing the Appointment of a Chapter 7 Trustee, Approving the Reappointment of Christopher Barclay as Chapter 7 Trustee, Waiving the Case Reopening Fee, and Revocating Technical Abandonment of Litigation Claim.

FACTS

On January 25, 2012, the Debtors filed a voluntary chapter 7 petition and Christopher Barclay (the "Trustee" or "Trustee Barclay") was appointed Trustee. On February 21, 2012, the Debtors' First Meeting of Creditors was held and concluded, and on February 24, 2012 a Chapter 7 Trustee's Report of No Distribution was filed by the Trustee, certifying that the Trustee had neither received any property or paid any money on account of the estate and that the estate had been fully administered. The Debtors received their discharge, an order was entered approving

1

the Trustee's Report of No Distribution on April 27, 2012, and the case was closed by the Court. The UST requests that the Court take judicial notice of the Petition and the court's Docket in this case pursuant to Federal Rule of Evidence ("FRE") 201.

On or about January 7, 2013, Trustee Barclay notified the UST that Real Time Group, Inc. had contacted him with an offer to settle litigation with the estate in regard to a complaint that the Debtors had filed on June 15, 2012, seeking redress for repeated phone calls made to Debtor Ms. Cloud beginning November 4, 2010 and continuing through 2011. The Trustee requested that the UST take actions to reopen the Debtors' case, which would allow him to settle the litigation with Real Time Group, Inc., and administer the settlement for the benefit of creditors. The Trustee indicated that he had decided to file a no asset report based on information that the Debtor provided to him at the 11 U.S.C. §341(a) meeting of creditors when they testified they had no intent to sue anyone, and in fact, within two months after receiving their discharge, a complaint was filed by their attorney Mark Ankcorn against Real Time Group, Inc. *See* Declaration of Christopher Barclay in Support of the United States Trustee's Motion for Order Reopening Chapter 7 case ("Barclay Declaration") filed herewith and incorporated herein by reference.

The United States Trustee moves to reopen this case to allow the Trustee the opportunity to enter into a settlement with Real Time Group, Inc. and to administer the funds received by the Trustee for the benefit of creditors.

## POINTS AND AUTHORITIES

**A.    Cause Exists to Reopen this Case.**

Federal Rule of Bankruptcy Procedure 5010 states that a bankruptcy case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code.

Cause exists to reopen this case pursuant to 11 U.S.C. § 350(b). This Section states as follows:

> § 350. Closing and reopening cases.
>
> (b) A case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor or for other cause.

The Bankruptcy Court has broad discretion to reopen a bankruptcy case under this Section. *In re Levy*, 256 B.R. 563, (Bankr. D. N.J. 2000).

When a debtor fails to properly disclose assets and a trustee has not otherwise administered them, there is sufficient cause to reopen the case and administer the assets. *In re Peebles*, 224 B.R. 519 (Bankr. D. Mass. 1998). The United States Trustee has standing to reopen a Chapter 7 case in order to administer assets, which the debtor has failed to disclose. *In re DeLash*, 260 B.R. 4 (Bankr. E.D. Cal. 2000).

In this case, Trustee Barclay informed the UST that he would receive assets that should be administered for the benefit of creditors if the case is reopened.

**B.    The Appointment of a Trustee is Necessary to Protect the Interests of Creditors and Insure Efficient Administration of the Case.**

Federal Rule of Bankruptcy Procedure 5010 states, in pertinent part:

Rule 5010. Reopening Cases.

In a Chapter 7, 12, or 13 case a trustee shall not be appointed by the United States Trustee unless the Court determines that a trustee is necessary to protect the interests of creditors and the debtor or insure efficient administration of the case.

The appointment of a Chapter 7 trustee is necessary to protect the interests of the creditors and perform actions necessary to administer recovered assets for their benefit. Such appointment is generally required if the case is reopened to administer an asset. 9 Collier's on Bankruptcy, ¶ 5010.03 [Matthew Bender, 15th ed.]. The United States Trustee requests that the Court direct in the order that a chapter 7 trustee be appointed to insure the efficient administration of this case. A trustee must investigate to identify assets, determine the value of the assets, and administer the assets for the benefit of the creditors.

As Christopher Barclay was the Chapter 7 trustee prior to the closing of this case, the United States Trustee further requests that any order directing the appointment of a chapter 7 trustee include an approval of the reappointment by the United States Trustee of Trustee Barclay as Chapter 7 trustee in this case.

**C.    Case Reopening Fees Should be Waived as the United States Trustee is Exempt from Such Fees When Rendering Services on Behalf of the United States.**

Bankruptcy Local Rule 5010-2 provides that a motion to reopen a case be accompanied by the appropriate fee. However, under 28 U.S.C. § 1930- JUDICIAL CONFERENCE

SCHEDULE OF FEES - "[n]o fees are to be charged for services rendered on behalf of the United States." See 28 U.S.C. § 1930, Bankruptcy Court Miscellaneous Fee Schedule.

In this case, the United States Trustee is acting in its official capacity as authorized by Congress in 11 U.S.C. § 307. Therefore, the United States Trustee is entitled to the exemption for case reopening fees. *In re Pomaville*, 183 B.R. 187, 189 (Bankr. D. Minn. 1995).

D.     **Cause Exists to Revoke the Technical Abandonment of the Litigation Claims**

Technical abandonment of the remaining assets in a bankruptcy case occurs when the case is closed by the filing of a no asset report. However, the Court can revoke the technical abandonment at the request of a party upon the reopening of the case utilizing 11 U.S.C Section 554(c) and Federal Rule of Civil Procedure 60(b)(1). Section 554(c) states:

> Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of closing of a case is abandoned to the debtor and administered for the purposes of section 350 of this title.

The 9th Cir. BAP determined that a Court could revoke the technical abandonment under Section 554(c) in *DeVore v. Marshack (In re DeVore)*, 223 BR 193 (9th Cir. BAP 1998). The BAP stated:

> . . . The prefatory language of § 554(c) "unless the court orders otherwise," indicates that courts have discretion to affect or prevent technical abandonment simply by ordering otherwise.[citations omitted.] The statute does not limit such an order to the period prior to case closure, and courts have set aside technical abandonments in "appropriate circumstances."[citations omitted.] "Appropriate circumstances" have been found where the trustee is given false or incomplete information about the asset by the debtor; the debtor fails to list the asset altogether; or where the trustee's abandonment was the result of a mistake or inadvertence, and no undue prejudice will result in revocation of the abandonment. [citations omitted.] *Id.* at 198.

FRCP 60(b)(1) allows a court to vacate a prior order based on "mistake, inadvertence, surprise or excusable neglect" as long as the motion is brought within one year of entry of the order.

Judge Ryan, from the Bankruptcy Court in the Central District of California, in a thoughtful decision analyzed the *DeVore* case, Section 554(c) and FRCP 60(b)(1), to support his ruling revoking the technical abandonment upon the reopening of a case. *In re Gonzalez*, 302 B.R. 687 (Bankr. C.D. Ca. 2003). Just like in this case, In *Gonzalez*, the debtor's petition

4

scheduled the value of property for less than fair market value. Also, at the 341(a) meeting, the debtors and their attorney, confirmed the valuation stating that the property had recently been valued during the debtor's divorce. *Id.* at 693. Judge Ryan stated:

> Therefore, Trustee had a statement by Debtor under oath as well as a statement from an officer of the court indicating that the Property was properly valued at $125,000.
>
> Trustee reasonably relied on the information provided by Debtor and her attorney and determined that administration of the Property would not benefit the estate. There was no indication that Debtor's schedules listed anything but the full value of the Property. The statements of Debtor and her counsel were misleading, lacked full disclosure, and effectively precluded Trustee from fully investigating the value of the Property. As a result, Trustee filed a no asset report, causing the case to be closed and the Property to be technically abandoned. Under these circumstances, a revocation of the technical abandonment is appropriate. *Id.*

Judge Ryan then set forth the analysis the court needed to undertake,

> ...[A] technical abandonment can be revoked by vacating the order closing the case. [citations omitted.] FRCP 60(b)(1) is the proper mechanism for vacating prior orders of the court.
>
> . . .
>
> The Ninth Circuit has explained that in determining whether relief is appropriate under FRCP 60(b)(1), courts should consider "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L.Ed. 2d 74 (1993)). *Id.* at 693, 694.

Here, there is no prejudice to the Debtors to reopen the case. The prejudice would be to the Estate and its creditors if the case was not reopened and the Trustee was not allowed to administer the litigation claims. Further, there has not been a delay. The Order closing the case was entered April 27, 2012. The Trustee was contacted by the defendants in the State Court litigation on December 17, 2012. Thus, once the Trustee learned about this matter, he quickly investigated it, contacted the U.S. Trustee, and this motion was filed. This was all within the year of entry of the Order. Finally, the Trustee has acted in good faith. He relied on the information he was provided by the Debtors, and their counsel, in initially closing the case.

Upon receiving evidence that the information provided was false and misleading, he acted to preserve the litigation claim as an asset of the Estate. In fact, the Trustee has already entered into settlement discussions with the State Court defendants that would allow a distribution to unsecured creditors. Thus, cause exists and upon the reopening of this matter, the Court should revoke the Order technically abandoning the property.

## CONCLUSION

For the foregoing reasons, the United States Trustee respectfully moves this Court for an Order Reopening Chapter 7 Case, Directing the Appointment of a Chapter 7 Trustee, Approving the United States Trustee's Reappointment of Christopher Barclay as Chapter 7 Trustee, Waiving Case Reopening Fee and Vacating Technical Abandonment of Litigation Claim.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: January 24, 2013

By:/s/Mary Testerman DuVoisin
Mary Testerman DuVoisin,
Trial attorney to the Acting
United States Trustee