CSD 2062 [08/01/11]

Court Telephone: (619) 557-5620
Court Hours: 9:00am-4:00pm, Monday-Friday
www.casb.uscourts.gov
Yosina M. Lissebeck, Esq. SBN 201654
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200
San Diego, CA 92101
Telephone (619) 231-0303 Fascimile (619) 231-4755
Attorneys for Christopher R. Barclay, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
JEFFREY THOMAS CLOUD dba CLOUD CONSULTING and PAMELA ELAINE CLOUD,

Debtor.

BANKRUPTCY NO. 12-00851-PB7

## TRUSTEE'S NOTICE OF INTENDED ACTION AND OPPORTUNITY FOR HEARING

TO THE DEBTOR, ALL CREDITORS AND OTHER PARTIES IN INTEREST:

**YOU ARE HEREBY NOTIFIED** that the undersigned Trustee proposes to:

☒ Compromise or settle the following controversy [description of controversy to be settled and financial impact on estate as required by Local Bankruptcy Rule 9019]; or     **SEE ADDENDUM ATTACHED HERETO**

☐ Allowance of compensation or reimbursement of expenses by trustee in the amounts indicated below [information required by Federal Rule of Bankruptcy Procedure 2002(c)(2)]; or
    Fees:
    Costs:

☐ Other:

IF YOU OBJECT TO THE PROPOSED ACTION:

1.  **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to this bankruptcy case. Determine which deputy to call by looking at the Bankruptcy Case No. in the caption on Page 1 of this notice. If the case number is followed by the letter:

    |     |     |     |                          |     |                             |
    | --- | --- | --- | ------------------------ | --- | --------------------------- |
    | -   | MM  | -   | call (619) 557-7407      | -   | DEPARTMENT ONE (Room 218)   |
    | -   | LA  | -   | call (619) 557-6594      | -   | DEPARTMENT TWO (Room 118)   |
    | -   | LT  | -   | call (619) 557-6018      | -   | DEPARTMENT THREE (Room 129) |
    | -   | PB  | -   | call (619) 557-5157      | -   | DEPARTMENT FOUR (Room 328)  |
    | -   | JM  | -   | call (619) 557-6019      | -   | DEPARTMENT FIVE (Room 318)  |

P:00826806:90528.070 CSD 2062

American LegalNet, Inc.
www.FormsWorkFlow.com

2. **WITHIN TWENTY-EIGHT (28)[1] DAYS FROM THE DATE OF THIS NOTICE,** you are further required to serve a copy of your DECLARATION IN OPPOSITION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned Trustee, together with any opposing papers. A copy of these documents must also be served upon the United States Trustee at 402 W. Broadway, Suite 600, San Diego, CA 92101. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

   a. identify the interest of the opposing party; and

   b. state, with particularity, the factual and legal grounds for the opposition.

3. **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 28-day[1] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the Trustee may proceed to take the intended action.

Dated: December 3, 2013

/s/ Yosina M. Lissebeck
YOSINA M. LISSEBECK, ESQ.
Solomon Ward Seidenwurm & Smith, LLP
Address: 401 B Street, Suite 1200
San Diego, CA 92101
Phone No.: (619) 231-0303
E-mail: ylissebeck@swsslaw.com
*Attorneys for Christopher R. Barclay, Chapter 7 Trustee*

---

[1] If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions as calculated by Fed. R. Bankr. P. 9006(f).

[2] You may obtain Local Form CSD 1184 from the office of the Clerk of the U.S. Bankruptcy Court.

## ADDENDUM TO NOTICE OF INTENDED ACTION
## TO APPROVE SETTLEMENT WITH MARK ANKCORN

On January 25, 2012, the Debtors filed a Voluntary Petition in the United States Bankruptcy Court, in the Southern District of California, Case No. 12 00851-PB7 ("Bankruptcy Case") seeking protection under Chapter 7 of the Bankruptcy Code.

The Clouds scheduled Consumer Protection Claims Violation(s) of TCPA, FDCPA, Rosenthal Act, and/or other causes of action in an amount not less than $3,000 (collectively, "Litigation Claims") on Schedule B of their bankruptcy schedules.

On June 15, 2012, Pamela Cloud filed a class action in the United States District Court for the Southern District of California ("District Court") captioned *Pamela Cloud, on behalf of herself and all other similarly situated v. Real Time Group, Inc.*, Case No. 12-CV-1470 JAH (BLM) ("District Court Action"), alleging certain Litigation Claims against Real Time Group, the special servicer for the owner of the junior deed of trust encumbering real estate owned by the Debtors.

On April 5, 2013, the Trustee and Real Time filed a joint motion in the District Court Action, which among others things, provided: (i) for the substitution of the Trustee as the plaintiff in the District Court Action as the real party in interest; (ii) notice of the settlement herein; and (iii) continued the hearing date and pleading deadlines for the Motion to Dismiss. On April 8, 2013, the District Court entered the order substituting the Trustee as the real party in interest and continuing the hearing date and pleading deadlines.

Mark Ankcorn and the Ankcorn Law Firm (collectively "Ankcorn") claimed an attorney lien against the Settlement Proceeds for work performed by Mark Ankcorn alone in furtherance of the Litigation Claims. No claim was asserted by or on behalf of any other entity, including Casey Gerry Schenk Francavilla Blatt & Penfield LLP. The Trustee reviewed the retainer agreement, the work done, and disputed the lien.

To avoid the substantial time, expense and uncertainty of litigation, the Parties entered into a Settlement Agreement. In summary, within ten (10) business days of the Effective Date (as defined in the Settlement Agreement) the Trustee will pay to Ankcorn the sum of Fifteen Thousand Dollars ($15,000). Ankcorn will release the Estate from any further claims.

A copy of the Settlement Agreement is attached to the Declaration of Christopher Barclay filed concurrently herewith.

The Settlement Agreement was negotiated in good faith, was an arm's length transaction, and is in the best interest of the Estate because it bring proceeds into the Estate without the cost of litigation.